## McGINNIS v. STATE.

No. A-11502. March 26, 1952.

(242 P. 2d 473.)

David Tant, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The defendant, Pete McGinnis, was charged in the district court of Logan county with the crime of robbery with firearms; was tried; convicted; and pursuant to the verdict of the jury was sentenced to serve a term of five years imprisonment in the penitentiary; and has appealed.

No brief has been filed on behalf of the defendant and there was no appearance in his behalf at the time the case was assigned for oral argument. Under the rules of this court, in this situation, we examine the record to ascertain whether there is fundamental error and if none is found the judgment will be affirmed.

The state showed that on April 10, 1949, the defendant in company with two other men and two girls went from Guthrie to the town of Crescent. All the parties apparently engaged in drinking both beer and whiskey. They drove to the home of one Wilmer Caesar, and some beer was drunk which the parties had taken with them. While there the defendant pulled a revolver, pointed it at Caesar, and ordered Frankie Channell, who had accompanied defendant, to search Caesar. Channell pulled the billford of Caesar's out of Caesar's pocket and handed it to the defendant. It contained about $17 in money. Later as the

parties were leaving the house, Caesar jumped on the defendant, took his gun away from him and the defendant escaped in the darkness. Later that night he was arrested by the sheriff and lodged in the county jail.

The defendant testified in his own behalf and admitted virtually everything proved by the state except drawing the pistol on Caesar and forcing him to give up his money. He said he pulled the gun out of his pocket but only for the purpose of putting it in another pocket and did not point it at Caesar and did not take his money.

The evidence was sufficient to sustain the conviction. We have found no fundamental error. The judgment and sentence is affirmed.

BRETT, P. J., and POWELL, J., concur.